IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WADE MYERS,

    Plaintiff,

v.                                                   Civil No. 02-157 WJ/ACT

WILLIAMS MANUFACTURING, INC.,
a Kansas Corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR NEW TRIAL**

       THIS MATTER comes before the Court pursuant to Plaintiff's Motion for New Trial [Docket No. 159]. Plaintiff urges that he is entitled to a new trial because the jury's verdict was against the weight of the evidence, because the Court refused his tendered jury instruction on "open and obvious" danger and because the Court excluded evidence that Defendant changed the warning label of its product after Plaintiff's injury. Having considered the submissions of the parties and the applicable law, I find the motion is not well taken and will be denied.

       Federal Rules of Civil Procedure 59 states that "[a] new trial may be granted on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in action at law in the courts of the United States." Fed. R. Civ. P. 59(a). Motions for new trial are not regarded with favor and should only be granted with great caution. Deters v. Equifax Credit Info. Serv., Inc., 981 F.Supp. 1381, 1384 (D. Kan. 1997). A party is not entitled to a new trial unless the Court finds that prejudicial error has entered the record or that substantial justice has not been done. Torre v. Federated Mut. Ins.

Co., 897 F.Supp. 1327, 1331 (D. Kan. 1995). The decision whether to grant or deny a motion for a new trial is committed to the sound discretion of the trial court. Atencio v. City of Albuquerque, 911 F.Supp. 1433, 1437 (D.N.M. 1995).

When a motion for new trial under Rule 59 asserts that a jury's verdict is against the weight of the evidence, the verdict must stand unless it is clearly, decidedly or overwhelmingly against the weight of the evidence. Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999). In reviewing a motion for a new trial the court must view the evidence in the light most favorable to the prevailing party. Deters, 981 F.Supp. at 1385 (citing Griffin v. Strong, 983 F.2d 1544, 1546 (10th Cir.1993)). I find that there was more than sufficient evidence in this case to support the jury verdict and Plaintiff's assertion to the contrary is absurd.

Courts deciding a motion for new trial based on asserted errors in the jury instructions must view those instructions as a whole. Furr v. AT&T Tech., Inc., 824 F.2d 1537, 1549 (10th Cir. 1987). The Court must "consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duties to determine these issues." Patty Precision Prod. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1252 (10th Cir. 1988) (citations and quotations omitted). Courts may not incorrectly instruct a jury on the law United States v. Jaynes, 75 F.3d 1493, 1503 (10th Cir. 1996).

The New Mexico Uniform Jury Instructions do not contain an instruction on "open and obvious" danger. In this case, the jury was instructed that a "supplier has no duty to warn of risks which it can reasonably expect to be obvious or known to foreseeable users of the product." See Jury Instruction No. 27 [Doc. No. 155]. Additionally, the jury was instructed that a "supplier has

no duty to provide directions when it can reasonably expect that the safe and proper use will be obvious or known to foreseeable users of the product." <u>See</u> Jury Instruction No. 27 [Doc. No. 155]. Plaintiff asserts that the Court committed error when it refused Plaintiff's instruction, tendered at the end of trial, on the meaning of "open and obvious" danger. Plaintiff's tendered instruction read:

> Whether a danger is open and obvious depends not just on what people can see with their eyes but also on what they know and believe about what they see. In particular, if people generally believe that there is a danger associated with the use of a product, but that there is a safe way to use it, any danger there may in using the product in the way generally believed to be safe is not open and obvious.[1]

<u>See</u> <u>Hiner v. Deere and Co., Inc.</u>, 340 F.3d 1190, 1195 (10th Cir. 2003) (citing <u>Wheeler v. John Deere Co.</u>, 935 F.2d 1090, 1104 (10th Cir. 1991)). The instructions, as a whole, did not mislead the jury on the issue of an "open and obvious" danger and provided sufficient instruction for the jury to understand the issues before it and its duties to determine those issues. The Court did not commit error in refusing Plaintiff's tendered instruction. Even assuming the rejection of Plaintiff's tendered instruction somehow was in error, it did not amount to prejudicial error.

Plaintiff's last argument is that he is entitled to a new trial because the Court erroneously excluded evidence that Defendant Williams Manufacturing changed the warning label on its tow rope after Plaintiff was injured. The evidence at trial indicated that Plaintiff was injured when he was inside the cab of a vehicle being towed, a chain being used to attach a tow rope to the towing vehicle came loose when the tow rope was under tension, and the tow rope snapped backward through Plaintiff's windshield causing Plaintiff extensive injuries. After Plaintiff's accident, the

---

[1] Plaintiff states that this instruction was tendered, Defendant does not dispute that it was tendered, and the Court does not doubt that it was tendered. However, the tendered instruction is not itself filed in the record.

3

manufacturer of the tow rope changed the label on its tow ropes to read "NEVER ATTACH THIS ROPE TO A CHAIN." Plaintiff sought to admit evidence of the new warning label, notwithstanding both New Mexico and Federal rules of evidence generally excluding evidence of subsequent remedial measures. See Rule 11-407 NMRA; Fed. R. Evid. 407.[2] Rule 11-407 provides that evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct but may be admissible for another purpose such as proving ownership, control or feasibility of precautionary measures, if controverted, or for purposes of impeachment. New Mexico case law clarifies that the impeachment exception is not applicable merely because a defendant denies that it was negligent. See Yardman v. San Juan Downs, Inc., 906 P.2d 742 (N.M. App. 1995).

At trial, Mr. Sylvester Williams, President of Williams Manufacturing, testified that he had known prior to Plaintiff's accident that there is no safe way to attach a chain to a tow rope but never put that information on his product labels because he did not believe people would read it. Mr. Williams also testified that his company complied with all safety regulations. Plaintiff argues that evidence of the new warning label is relevant to impeach Mr. Williams' testimony.

Evidence of the new warning label does not impeach Mr. Williams' testimony that he had not previously placed the information on a warning label because he did not believe people would read it. While Rule 11-407 expressly permits evidence of subsequent remedial measures to rebut an assertion that such measures are not feasible, it does not mention the use of such evidence to rebut a defendant's stated belief that such measures are futile. While the list within Rule 11-407

---

[2]Parties note that New Mexico's law regarding admissibility of subsequent remedial measures applies in this diversity case because the rule is designed to promote state policy in a substantive area. Garcia v. Fleetwood Enter., Inc., 200 F.Supp.2d 1302, 1303 (D.N.M. 2002).

4

of permissible uses of evidence of subsequent remedial measures is obviously not an exhaustive list, the use of evidence of subsequent remedial measures to rebut a defendant's stated belief in futility bears a remarkable resemblance to offering such evidence to show negligence or culpability.

Plaintiff fails to explain how the evidence of the new warning label impeaches Mr. Williams' testimony that his company complied with all safety regulations.  Plaintiff implies that the former warning label did not comply with safety regulations.  The Court does not fathom how evidence of the new warning label has any relevance to whether or not the old label complied with safety regulations.  Thus, the Court's refusal to admit evidence of Defendant's new warning label was not error and does not entitle Plaintiff to a new trial.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial [Docket No. 159] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE