IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WADE MYERS,

    Plaintiff,

v.                                                     Civil No. 02-157 WJ/ACT

WILLIAMS MANUFACTURING, INC.,
a Kansas corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ON REVIEW OF CLERK'S ORDER SETTLING COSTS**

THIS MATTER comes before the Court pursuant to Plaintiff's Amended Motion to Review Clerk's Order Settling Costs [Docket No. 176]. Having reviewed the motion, the submissions of the parties, the Clerk's Order Settling Costs [Docket No. 174], and the applicable law, I find the Clerk's Order Settling Costs correctly determined the taxable costs in this case with the exception of $73.91 for a trial video. Accordingly, Plaintiff's motion seeking to vacate and set aside the Clerk's Order Settling Costs will be granted in part and denied in part.

I.    PLAINTIFF'S ARGUMENT THAT DEFENDANT WAIVED ANY CLAIM TO COSTS

As the prevailing party at trial, Defendant sought to recover its taxable costs under 28 U.S.C. § 1920. Within 30 days of entry of the Court's judgment, Defendant filed a document tiled "Bill of Costs." See Docket No. 163. The title of the document does not contain the word "motion." On the last page of the document is a certificate of service indicating that the document was served on Plaintiff within 30 days of the entry of the Court's judgment. The

document was submitted pursuant to 28 U.S.C. § 1920 which is the federal statute for taxation of costs. The document details the costs Defendant seeks to have taxed.

28 U.S.C. § 1920 permits a clerk or judge of any federal court to tax certain costs and requires only that a bill of costs be filed in the case. D.N.M.LR-Civ. 54.1 states that a motion to tax costs must be filed and served on each party within 30 calendar days of entry of judgment. Plaintiff argues that Defendant waived any claim to costs by failing to file a motion to tax costs. In essence, Plaintiff relies on the fact that the document filed by Defendant was not titled as a motion but as a "Bill of Costs."

Fed. R. Civ. P. 7 states in relevant part that an application to the court for an order shall be by motion which shall be in writing, state with particularity the grounds for the request, and set forth the relief sought. D.N.M.LR-7.1 states in relevant part that a motion must be in writing and state with particularity the grounds and the relief sought. Black's Law defines a motion as "[a] written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary 1031 (7th Ed. 1999). Nothing the Federal Rules of Civil Procedure, the Local Rules, or the dictionary definition of a motion requires that the word "motion" appear in the title of a written motion (though it does often make the life of a judge easier). In fact, motions are often filed with titles containing words such as "request," "petition," or "application," instead of the word "motion."

Defendant's "Bill of Costs" has all the earmarks of a motion in that it is a written request of the Court for a specified ruling. It specifies that the grounds for the request are found in 28 U.S.C. § 1920. It delineates the specific relief requested by providing an itemized cost bill. It was served on Plaintiff in accordance with Fed. R. Civ. P. 5. The fact that the title of the

document did not include the word "motion" does not control the nature of the document. It was proper for the Clerk to treat the "Bill of Costs" as a motion to tax costs.

Plaintiff's authorities in support of his argument that Defendant waived costs do not stand for the proposition that a Court should not treat a properly filed and served "Bill of Costs" as a motion to tax costs. Plaintiff's authorities stand for the proposition that a prevailing parties' failure to file their request for costs within a time specified by local rules is deemed a waiver of costs. See In Re American Casualty Co. v. City of Detroit, 851 F.2d 794 (6th Cir. 1988); Dickinson Supply, Inc. v. Montana-Dakota Util. Co., 423 F.2d 106 (8th Cir. 1970); Cf. Romaguera v. Gegenheimer, 162 F.3d 893 (5th Cir. 1998). However, Defendant did not file its "Bill of Costs" outside the thirty day time allowed under the Local Rule. Thus, Defendant did not waive its claim for costs under 28 U.S.C. § 1920.

II.   PLAINTIFF'S SPECIFIC OBJECTIONS TO ITEMIZED COSTS

   A.   Deposition Transcript Fees

Defendant's Bill of Costs requested that deposition transcript fees for the depositions of Stephen J. Chiulli, Ph.D., Jeffrey Fearon, M.D., Walter Piskun, Don Curtis, and Sylvester Williams be taxed as costs in this case. The Clerk's Order Settling Costs allowed all of these deposition transcript fees as taxable costs. Plaintiff objects to the allowance of the deposition transcript fees for Jeffrey Fearon, M.D., Don Curtis and Walter Piskun.

28 U.S.C. § 1920(2) permits a clerk or judge to tax as costs the fees of a court reporter for a transcript necessarily obtained for use in a case. D.N.M.LR-Civ. 54.2(b)(1) states that a reporter's transcript fee is taxable when the deposition is reasonably necessary to the litigation.

Rule 54.2(b)(2) states that a deposition is reasonably necessary to a case when a substantial portion is admitted into evidence or used at trial for impeachment purposes.

The depositions of these three witnesses were taken by Plaintiff rather than Defendant. The videotapes of these depositions were presented at trial in lieu of the live testimony of the witnesses. Because these witnesses did not appear at the trial and give live testimony, Defendant's opportunity to cross-examine or impeach these witnesses occurred during the deposition itself and Defendant did not have an opportunity at the trial to cross-examine or impeach these witnesses.

In accordance with Section 1920 and the local rule, Defendant's costs in obtaining transcripts of these depositions is taxable if the depositions were reasonably necessary to the litigation. A deposition transcript is reasonably necessary to the litigation if it is used to impeach a witness. Obviously, Defendant could not have used the deposition transcript to impeach any of these witnesses during the trial, so this cannot be the justification for the taxing of these costs. However, a deposition is also reasonably necessary to the litigation if a substantial portion of the deposition is admitted into evidence. In this case, the entire deposition of each witness was admitted into evidence. As a consequence, the depositions themselves were reasonably necessary to the litigation, and, in accordance with the local rule, Defendant's costs in obtaining transcripts of these depositions, even though these transcripts were not themselves admitted into evidence, were necessarily obtained for use in the case. See 28 U.S.C. § 1920(2). Accordingly, the Clerk's Order Settling Costs correctly taxed these deposition transcript fees as costs in this case.

      B.     <u>Witness Fee for S. Chiulli</u>

Defendant's Bill of Costs requested that an expert witness fee of $370.34 paid to Dr. Chiulli be taxed as a cost in this case. The Clerk's Order Settling Costs disallowed all but $40 of this fee on the basis that there is no provision for taxing as costs expert witness fees, but experts are entitled to a lay witness fee of $40. Plaintiff objects to the taxing as a cost of the $40.

28 U.S.C. § 1920 permits a clerk or judge to tax as costs fees for witnesses. D.N.M.LR-Civ. 54.2(c)(2) states that expert witness fees are not taxable under 28 U.S.C. § 1920 unless the expert is appointed by the Court, but permits an expert not appointed by the Court to be paid the same fee as a lay witness. D.N.M.LR-Civ. 54.2(c)(1) states that lay witness fees are based on the *per diem* rate specified by 28 U.S.C. § 1821. Section 1821 specifies a *per diem* rate of $40. Rule 54(2)(c)(1) permits witness fees for witnesses who testify at trial **or at a deposition** reasonably necessary to the litigation. (emphasis added). As noted above, a deposition is reasonably necessary to the litigation if it is used at trial for impeachment purposes. This Court presumes that a deposition was used for impeachment purposes if the deponent testifies at the trial.

Doctor Chiulli testified at the trial. Plaintiff's objection to the witness fee for Doctor Chiulli being taxed as a cost is that Chiulli's witness fee for his trial testimony was paid for by Plaintiff. This Court reads the Bill of Costs as seeking to have the witness fee for Doctor Chiulli's deposition testimony, not his trial testimony, taxed as a cost. As noted above, it is proper to tax the witness fee for deposition testimony as a cost so long as the deposition was reasonably necessary to the litigation. Because Doctor Chiulli testified at trial, the deposition was reasonably necessary to the litigation, and the taxing as a cost of the $40 witness fee for Chiulli's deposition was proper.

C.   Witness Fees for the Polings

Defendant's Bill of Costs requested that two days of witness fees each for Trent, Todd and Travis Poling be taxed as costs for their trial testimony. The Clerk's Order Settling Costs taxed as costs two days per witness at the $40 *per diem* rate specified in 28 U.S.C. § 1821. Plaintiff objects to the taxing of these costs.

As already noted, lay witness fees are taxable as costs pursuant to 28 U.S.C. § 1920 and D.N.M.LR-Civ. 54.2(c)(1), and the *per diem* rate is $40 dollars in accordance with 28 U.S.C. § 1821.

Plaintiff's objection to the taxing of these costs is that Plaintiff also subpoenaed these witnesses and paid them a witness fee for their trial testimony. Defendant acknowledges that both parties listed the Polings as witnesses for their respective cases in chief. Defendant notes, however, that Plaintiff never notified Defendant that Plaintiff had served the Polings with subpoenas, witness fees and travel expenses. Defendant thus correctly concludes that it could not have known that these had been paid by the Plaintiff and Defendant should not be barred from taxing as costs those witness fees it actually paid to the Polings. The Clerk's Order Settling Costs correctly taxed as costs the witness fees for the trial testimony of Todd, Trent and Travis Poling.

D.   Travel Expenses for the Polings

Defendant's Bill of Costs requested that travel expenses for Trent, Todd and Travis Poling be taxed as costs in this case. The Clerk's Order Settling Costs allowed as costs the travel expenses for the Polings but disallowed mileage for two of the Polings since the three traveled together in the same vehicle. Plaintiff objects to the taxing as costs these travel expenses because Plaintiff also paid travel expenses to the Polings for their appearance at the trial as witnesses. For

the same reasons the witness fees for these witnesses were correctly taxed as costs in spite of the Plaintiff's duplicate payment of the same fees, the Court finds that the travel expenses were properly taxed as costs.

  E. Copying Fees/ Trial Exhibits

Defendant's Bill of Costs requested that copying fees for various medical records be taxed as costs in this case. Defendant's Bill of Costs also requested that the cost for a trial video be taxed as a cost. The Clerk's Order Settling Costs taxed as costs all of Defendant's requested copying fees and the cost for the trial video. Plaintiff objects to the taxing of these costs.

D.N.M.LR-Civ. 54.2(e) only permits as taxable costs the cost for copying an exhibit with the copy is admitted into evidence. Plaintiff urges that Defendant's costs for copying medical records are not taxable costs because Defendant's copies were not the copies admitted into evidence. However, 28 U.S.C. § 1920 permits the taxing as costs of fees for copies of papers necessarily obtained for use in the case. The federal statute controls over the local rule. The Clerk's Order Settling Costs correctly taxed the fees for the copies of medical records as costs.

Plaintiff also urges that the cost of the trial video was improperly taxed in this case. Plaintiff's original Objections to the Bill of Costs [Docket No. 167] admitted that Defendant offered a portion of the video as a trial exhibit, but objected on the basis that only a small portion was offered. Plaintiff's Amended Motion to Review Clerk's Order Settling Costs [Docket No. 176] asserts that the video for which the Clerk's Order Settling Costs allowed the taxing of costs was Plaintiff's exhibit and not Defendant's exhibit.

The only video offered by Defendant as an exhibit and admitted into evidence was a video of Defendant's place of business. See Defendant's Exhibit List attached to Docket No. 154. In

permitting the cost of the video to be taxed, the Clerk's Order Settling Costs notes that the cost of videotaping a deposition is a taxable cost if the video is admitted as an exhibit at trial. See Docket No. 174. Section 1920 contains no language specifically allowing taxation of costs for video production. The Clerk's Order refers to Tilton v. Capital Cities/ ABC, Inc., 115 F.3d 1471 (10th Cir. 1997), as legal authority for the taxing of costs of a videotaped deposition. The problem in this case is that the video offered by Defendant was not a video deposition but a demonstrative exhibit admitted to show how a label is attached to a tow rope of the type at issue in this case.

In Tilton, the Tenth Circuit reasoned that a videotape for a deposition was taxable as a cost pursuant to 28 U.S.C. § 1920(2). 115 F.3d at 1477. Section 1920(2) permits fees for deposition transcripts to be taxed as costs. In reasoning that this statutory language included the cost for a videotape deposition, the Tenth Circuit noted that Federal Rule of Civil Procedure 30(b)(2)-(3) authorizes videotape depositions as an alternative to traditional stenographic depositions. Tilton, 115 F.3d at 1477.

Because Tilton relied on the correlative nature of videotape and stenographic depositions under federal rules, the reasoning in Tilton is peculiarly suited to videotaped deposition and does not analogize to demonstrative exhibits produced in video format. I find nothing in Section 1920 or elsewhere that suggests that a court may tax as costs a prevailing party's expenses in producing, developing or constructing demonstrative exhibits. In fact, D.N.M.LR-Civ. 54.2(f) specifically states that costs of models or photographs larger than 8" x 10" are not taxable. This rule suggests that costs for demonstrative exhibits are generally not taxable (though costs of

photographs 8" x 10" or less in size are taxable if admitted into evidence). Thus, Defendant's costs in producing the video used at trial is not a taxable cost.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Review Clerk's Order Settling Costs [Docket No. 176] is hereby GRANTED IN PART with regard to the $73.91 for a trial video. This cost is not taxable.

IT IS FINALLY ORDERED that Plaintiff's Amended Motion to Review Clerk's Order Settling Costs [Docket No. 176] is hereby DENIED IN PART with respect to all the remaining costs taxed by the Clerk's Order Settling Costs.

_____
UNITED STATES DISTRICT JUDGE